IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CR-33 |
| ) | (JORDAN/SHIRLEY) |
| RICKEY PHILLIPS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On May 2, 2005, the parties appeared before the Court for a scheduled pretrial conference and motion hearing on the defendant's Sealed Motion to Determine Competency [Doc. 26], filed on April 22, 2005, and the United States' Motion for Mental Evaluation of Defendant Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 27], filed on April 28, 2005. Special Assistant United States Attorney W. Brownlow Marsh appeared on behalf of the government. Assistant Federal Defender Jonathan Moffatt appeared on behalf of the defendant, who was also present.

The government noted that the defendant had also filed a Notice of Expert Evidence of Mental Condition [Doc. 23] and Notice of Insanity Defense [Doc. 24], on April 22, 2005. The defendant's Motion To Determine Competency [Doc. 26] is being considered by the undersigned as a motion for a mental evaluation under 18 U.S.C. § 4241 (re: competency) and § 4242

1

(determination of sanity at the time of the offense). The government has filed a motion requesting the same evaluation [Doc. 27]. The undersigned finds that there is reasonable cause to support the ordering of a competency examination under 18 U.S.C. § 4241. I find the mental evaluation should not be limited to an evaluation of competency only, because the defendant has raised the defense of insanity and given notice thereof and because the government has requested an evaluation, and therefore, I order that the defendant also undergo the requested sanity evaluation under 18 U.S.C. § 4242(a). Accordingly, the defendant's Sealed Motion to Determine Competency [Doc. 26] and the United States' Motion for Mental Evaluation of Defendant Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 27] is **GRANTED** as modified herein**.**

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

2

      a.    the defendant's history and present symptoms;

      b.    a description of the psychiatric, psychological, and medical tests that were employed and their results;

      c.    the examiner's findings; and

      d.    the examiner's opinions as to diagnosis, prognosis, and

      (1)   whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

      (2)   whether the defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3. That a hearing on the question of the defendant's competency to stand trial is set for **September 7, 2005 at 9:00 a.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a)    Government's counsel: W. Brownlow Marsh
              P.O. Box 872, Knoxville, TN 37902
              (865) 545-4167

3

Case 3:05-cr-00033   Document 30   Filed 05/09/05   Page 3 of 4   PageID #: 16

  (b)  Defense counsel: Jonathan Moffatt
     Federal Defenders Service
     530 South Gay Street, Suite 900, Knoxville, TN 37902
     (865) 637-7979

  (c)  Pretrial Services Officer: Carol Cavin
     800 Market Street, Suite 120, Knoxville, TN 37902
     (865) 545-4017

  8.  The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

  9.  The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing has been scheduled for **September 7, 2005 at 9:00 a.m.**

  10.  The trial is reset for **October 3, 2005 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge.

  11.  A Pretrial Conference and hearing on defendant's suppression motion is also set for **September 8, 2005 at 9:00 a.m.** before the undersigned.

  **IT IS SO ORDERED.**

            ENTER:

            s/ C. Clifford Shirley, Jr.
            United States Magistrate Judge