UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:05-CR-33 (JORDAN/SHIRLEY) |
| RICKEY PHILLIPS, | ) ) | |
| Defendant. | ) | |

**O R D E R**

This matter came before the undersigned for a competency hearing on March 28, 2006. W. Brownlow Marsh, Assistant United States Attorney, appeared as counsel for the government, and Jonathan Moffatt appeared as counsel for the defendant. The defendant was also present. The parties stipulated in open court to the sealed nine (9) page forensic evaluation and certificate of restoration of competency from the Federal Medical Center, Butler, North Carolina, dated March 6, 2006 [Doc. 48], in so far as it relates to competency only. Neither the government nor the defendant sought to offer any other evidence for the Court to consider on the issues of competency and insanity.

Pursuant to 18 U.S.C. § 4241, § 4241(e) and § 4247(d), it therefore appears from the report, the Certificate of Restoration of Competency, and I so find by a preponderance of the evidence that Mr. Phillips is now able to understand the nature and consequences of the charges and proceedings against him to assist properly in the defense of the charges brought against him in this case.

1

It also appears from an earlier report [Doc. 26], but no finding is made by the undersigned, that pursuant to 18 U.S.C. § 4242 that Mr. Phillips was not insane at the time of the offense charged and that he was able to appreciate the nature and quality or wrongfulness of his actions at the time of the offense. Thus, the Court finds that the defendant is competent to proceed. The defendant further is to remain in detention and did not seek a detention hearing. Accordingly, he will be detained pending trial. Trial is set for **April 6, 2006**.

The Court further finds, and the parties agreed, that the time from the competency hearing on September 21, 2005 through the new trial date of April 6, 2006 is excluded from the speedy trial calculations. See 18 U.S.C. § 3161(h)(1)(A)(F)(H)(J) & (3)(A) & (4). Additionally, the Speedy Trial Act excludes the remaining time granted for the trial based on the ends of justice served by such action outweighs the best interest of the public and the defendant in a speedy trial, for the reason that the defendant and counsel need additional time to prepare for trial or a plea and failure to grant the additional time would deny counsel for the defendant the reasonable time necessary for effective preparation for trial taking into account due diligence. See 18 U.S.C. § 3161(h)(8)(A) & (B)(i, iv).

At the March 28 hearing, defense counsel stated he wished to withdraw the pending Motion to Suppress. The government stated that it did not object. For good cause shown, defendant's oral Motion to Withdraw the Motion to Suppress is **GRANTED**. Therefore, the Motion to Suppress [**Doc. 25**] is hereby **DENIED AS MOOT** and **WITHDRAWN**.

Accordingly, it is **ORDERED**:

(1) The defendant is **FOUND** competent to stand trial;

(2) The trial is reset to commence at **9:00 a.m., on April 6, 2006,** before the Honorable Leon Jordan, United States District Judge;

2

(3) All time between **September 21, 2005** and **April 6, 2006**, is fully excludable time under the Speedy Trial Act for the reasons stated herein;

(4) Defendant's oral Motion to Withdraw the Motion to Suppress is **GRANTED** and the Motion to Suppress [**Doc. 25**] is **DENIED AS MOOT AND WITHDRAWN**.

**IT IS SO ORDERED.**

ENTER

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge